**UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA**

**OSCAR DANTZLER**                                               **CIVIL ACTION**

**VERSUS**                                                        **No. 08-3777**

**DEBBIE POPE, ET AL.**                                          **SECTION: I/3**

## ORDER AND REASONS

Before the Court is an unopposed motion to dismiss filed by defendants, The City of Hammond Councilmen, Debbie Pope, The City of Hammond, The City of Hammond Police Department, The Hammond Municipal Fire and Police Civil Service Board (collectively "the Hammond defendants"), Gus A. Fritchie III, McDonald G. Provosty and Irwin, Fritchie, Urquhart & Moore, L.L.C. (collectively "the Fritchie defendants"), pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure for failure to state a claim upon which relief may be granted.[1]  Defendants also move for an order enjoining plaintiff from filing any further claims against defendants arising out of plaintiff's employment termination. For the following reasons, defendants' motions are **GRANTED** without opposition.

## BACKGROUND

On August 27, 2008, plaintiff, Oscar Dantzler ("Dantzler"), filed a complaint in this Court against the Hammond defendants, the Fritchie defendants, United States District Court Judge Martin L.C.

---

[1] Rec. Doc. No. 12.

1

Feldman, United States Magistrate Judge Joseph C. Wilkinson, Jr., United States Court of Appeals Judge Carolyn King, United States Court of Appeals Judge E. Grady Holly, and United States Court of Appeals Judge Patrick Higginbotham.[2]

Dantzler's lawsuit arises out of his termination from the Hammond Police Department in February, 1998 for insubordination[3] in addition to subsequent litigation commenced in connection with his termination. In February, 2000, Dantzler filed a complaint in this Court against the Hammond Police Department, alleging racial discrimination as the basis for his termination from the police department. In November, 2001, U.S. Magistrate Judge Wilkinson dismissed Dantzler's claim, finding that the City of Hammond was entitled to summary judgment due to Dantzler's failure to establish a prima facie case of disparate treatment.[4] The judgment was affirmed by the United States Court of Appeals for the Fifth Circuit on December 9, 2002,[5] and the United States Supreme Court

---

[2] Rec. Doc. No. 6. Dantzler amended his complaint to add his previous attorney, Clarence Roby, Jr. as a defendant. Rec. Doc. No. 4. In September, 2008, Dantzler again amended his complaint to add the U.S. District Clerk of Court for the Eastern District of Louisiana, a district court docket clerk, a district court supervisor of pro se matters, and the United States Court of Appeals for the Fifth Circuit as defendants. Rec. Doc. No. 9. The United States Magistrate Judge denied Danztler's motion for leave to file a third supplemental and amended complaint. Rec. Doc. No. 52.

[3] Rec. Doc. No. 6, p. 10, para. 34.

[4] U.S. Magistrate Judge Wilkinson considered evidence that Dantzler, who is African-American, was replaced by an African-American man. Civil Action No. 00-446, Rec. Doc. No. 44, p. 8.

[5] Civil Action No. 00-446, Rec. Doc. No. 51.

denied Dantzler's petition for writ of certiorari in May, 2003.

Following a denial of writ of mandamus that Dantzler sought in Louisiana state court, Dantzler filed a second lawsuit in this Court in June, 2006, alleging that the Hammond defendants, as well as Gus A. Fritchie ("Fritchie")in his capacity as city attorney, violated a settlement agreement from an unrelated case in which the Hammond Civil Service Board agreed to timely hold hearings with respect to grievances of employees of the Hammond Police Department.[6] U.S. District Judge Feldman granted defendants' motion for summary judgment in February, 2007, dismissing Dantzler's claims.

On December 1, 2006, Dantzler filed another petition in Louisiana state court against, among others, the Hammond defendants and Fritchie. Dantzler's lawsuit, which was removed to this Court on December 13, 2006, alleges that defendants failed to hold a timely civil service hearing before terminating his employment with the police department.[7]

On December 14, 2007, Dantzler filed an additional lawsuit in this Court against, among others, the Hammond defendants and Fritchie, alleging wrongful termination and failure to timely conduct a civil service hearing.[8] Following unfavorable rulings,

---

[6]Civil Action No. 06-2817, Rec. Doc. No. 5.

[7]Civil Action No. 06-10924, Rec. Doc. No. 1-2.

[8]Civil Action. 07-9516, Rec. Doc. No. 1.

Danztler moved to amend his complaint to add U.S. District Judge Feldman and U.S. Magistrate Judge Wilkinson. The motion was denied, and U.S. District Judge Feldman stayed and administratively closed both cases before him on February 28, 2008, pending a resolution by the Fifth Circuit of a complaint of judicial misconduct.[9]

Dantzler subsequently filed the instant complaint, alleging pursuant to 42 U.S.C. §1983, 42 U.S.C. §1985(3), 18 U.S.C. § 1961-68, and Louisiana Civil Code article 1953 that the Hammond defendants and the Fritchie defendants conspired with the judges to conceal fraudulent documents, the illegal termination of his employment and the denial of his civil service hearing.[10]

The Hammond defendants and the Fritchie defendants filed this motion to dismiss pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure, arguing that Danztler's complaint fails to state a cause of action against defendants and that his claims are barred by res judicata. Defendants further seek an injunction enjoining Dantzler from filing any additional complaints or proceedings against them without first demonstrating that the pleadings are not frivolous or vexatious. Despite extensions of time granted by the Court, Dantzler has not filed a response to this motion.

## LAW AND ANALYSIS

I. **MOTION TO DISMISS**

---

[9] Civil Action. 07-9516, Rec. Doc. Nos. 26, 27.

[10] Civil Action No. 08-3777, Rec. Doc. No. 6.

4

A district court can dismiss a complaint, or any part of it, for failure to state a claim upon which relief can be granted if the plaintiff has not set forth a factual allegation in support of his claim that would entitle him to relief. *Bell Atl. Corp. v. Twombly*, 127 S. Ct. 1955, 1964-65, 167 L. Ed. 2d 929, 940 (2007) ("Factual allegations must be enough to raise a right to relief above the speculative level on the assumption that all the allegations in the complaint are true (even if doubtful in fact)." (citations and footnote omitted)); *Cuvillier v. Taylor*, 503 F.3d 397, 401 (5th Cir. 2007). This Court will not look beyond the factual allegations in the pleadings to determine whether relief should be granted. *See Spivey v. Robertson*, 197 F.3d 772, 774 (5th Cir. 1999); *Baker v. Putnal*, 75 F.3d 190, 196 (5th Cir. 1996). In assessing the complaint, a court must accept all well-pleaded facts as true and liberally construe all factual allegations in the light most favorable to the plaintiff. *Spivey,* 197 F.3d at 774; *Lowrey v. Tex. A&M Univ. Sys.*, 117 F.3d 242, 247 (5th Cir. 1997).

"To survive a Rule 12(b)(6) motion to dismiss, the plaintiff must plead 'enough facts to state a claim to relief that is plausible on its face.'" *In re Katrina Canal Breaches Litig.*, 495 F.3d 191, 205 (5th Cir. 2007) (*quoting Twombly*, 127 S. Ct. at 1974, 167 L. Ed. 2d at 949); *Elliott v. Foufas*, 867 F.2d 877, 881 (5th Cir. 1989) ("In order to avoid dismissal for failure to state a claim, a plaintiff must plead specific facts, not mere conclusory

allegations . . . ."). "'[C]onclusory allegations and unwarranted deductions of fact are not admitted as true' by a motion to dismiss." *Id.* (*quoting Associated Builders, Inc. v. Ala. Power Co.*, 505 F.2d 97, 100 (5th Cir. 1974)). "'[T]he complaint must contain either direct allegations on every material point necessary to sustain a recovery . . . or contain allegations from which an inference fairly may be drawn that evidence on these material points will be introduced at trial.'" *Campbell v. City of San Antonio*, 43 F.3d 973, 975 (5th Cir. 1995) (*quoting* 5 Charles Alan Wright & Arthur R. Miller, *Federal Practice and Procedure* § 1216, at 156-59 (3d ed. 2004)).

Following the dismissal of his prior claims of illegal termination from the police department, Dantzler commenced the instant action. This time, however, Dantzler characterizes his claim against the Hammond defendants and the Fritchie defendants as a conspiracy to deprive him of his constitutional rights.

To establish a claim of conspiracy pursuant to § 1983 and § 1985, a plaintiff must plead more than conclusory allegations of conspiracy. *Young v. Biggers*, 938 F.2d 565, 569 (5th Cir. 1991)("Bald allegations that a conspiracy existed are insufficient"); *Arsenaux v. Roberts*, 726 F.2d 1022, 1023-24 (5th Cir. 1982)("The conspiracy allegations made by [plaintiff] are conclusory, and more than a blanket of accusation is necessary to support a § 1983 claim."). The Fifth Circuit had held that a

6

plaintiff asserting a conspiracy claim pursuant to the civil rights statutes "must plead the operative facts upon which their claim is based." *Young*, 938 F.2d at 569. In particular, "a plaintiff must show that the defendants agreed to commit an illegal act." *Arsenaux*, 726 F.2d at 1024.

> Danztler's complaint alleges that:
>
> the law firm of Gus A. Fritchie III., Irwin Fritchie, Urqhart, and Moore, LLC., McDonald G. Provosty, Et al, are conspiring with the defendants, the City of Hammond, Debbie Pope, et al., the judges to conceal the alleged perjury, Fraud, alteration of documents, and plaintiff's wrongful, illegal termination form [sic] his employment and the ongoing denial of plaintiff's civil. [sic] service hearing to deny plaintiff due process of law, because of their conspiracy.[11]

In the context of his conspiracy claim, Dantzler re-urges the allegations made in his past lawsuits with respect to his termination and the failure of the civil service board to conduct a timely hearing. Dantzler asserts that the judges "made [no] effort whatsoever to bring the unlawful activity to halt, in fact the trial courts have helped-encourage in an on going conspiracy way and abetted the city of Hammond, Debbie Pope, et al, in their wrongful actions."[12] Dantzler's complaint identifies a number of unfavorable rulings by U.S. Magistrate Judge Wilkinson, U.S. District Judge Feldman and the U.S. Court of Appeals judges and

---

[11]Rec. Doc. No. 6, p. 6, para. 17.

[12]Rec. Doc. No. 6, p. 11, para. 39.

alleges that these judges ruled against him "because of [their] conspiracy with the conspirators."[13] Dantzler claims that their rulings were intended "to cover up the conspiracy, Fraud, and Perjury, alteration of documents, and plaintiff's wrongful illegal termination that had been committed by other defendants, The City of Hammond, et al."[14]

Such allegations are insufficient to plead a claim of conspiracy pursuant to the federal civil rights statutes, 42 U.S.C. § 1983 and 42 U.S.C. § 1985. Dantzlers' complaint is limited to conclusory allegations that he received unfavorable rulings in his prior litigation due to a conspiracy between the Hammond defendants, the Fritchie defendants, and the judges. His allegation that defendants conspired to conceal fraud, perjury, and the alteration of documents related to his termination from the police department falls short of the requirement that he plead operative facts, such as an agreement or understanding between the defendants to commit an illegal act.[15]

---

[13] Rec. Doc. No. 6, pp. 17-18.

[14] Rec. Doc. No. 6, pp. 24-25, 32.

[15] Dantzler's complaint also alleges that the action is commenced pursuant to 18 U.S.C. 1961-68, which is the federal Racketeer Influence and Corrupt Organizations ("RICO") statute, and Louisiana Civil Code article 1953, which defines fraud under Louisiana law. Dantzler's complaint is insufficient to the extent that he alleges that defendants violated RICO and engaged in fraudulent activity. In order to state a RICO claim, "a plaintiff must allege the following in his complaint: 1)the conduct; 2) of an enterprise; 3)through a pattern; 4)of racketeering activity." *Tortuga Bay Corp. v. Arnold Development Co.*, 20 F.3d 1170 (5th Cir. 1994). Caselaw interpreting RICO defines an enterprise as "usual legal entities or any union or group of individuals 'associated in fact' although not a legal entity." *Id*. "To establish an association, a plaintiff must show evidence of an ongoing organization, and

8

Accordingly, the motion to dismiss is **GRANTED** and Dantzler's claims against the Hammond defendants and the Fritchie defendants are **DISMISSED WITH PREJUDICE.**[16]

II. **MOTION FOR INJUNCTION**

The Hammond defendants and the Fritchie defendants also move the Court to enjoin Dantzler from filing any further complaints or proceedings against them arising out of his termination from the police department without first seeking leave from the Court.

"Federal courts have the power to enjoin plaintiffs who abuse the court system and harass their opponents." *Clark v. Mortenson*, 93 F. App'x 643, 654 (5th Cir. 2004). The Fifth Circuit has recognized such injunctions as necessary for courts to protect their jurisdiction and judgments and to control their docket. *Farguson v. Mbank Houston*, 808 F.2d 358, 360 (5th Cir. 1986). However, injunctions against future filings "must be tailored to protect the courts and innocent parties, while preserving the

---

must show that the various associates were functioning as a continuing unit." *Id.* Furthermore, an enterprise must be a separate entity from the pattern of activity in which it engages and it must have an ongoing organization with a decision-making structure. *Id.* Dantzler fails to allege any sort of enterprise or association between the Hammond defendants, the Fritchie defendants and the judges. In his "RICO case statement," Dantzler merely re-alleges that "fraud, perjury and alteration of documents and conspiracy was committed against plaintiff" and that "the court judges and the opposing counsels...conspired with each other to cover this up." Rec. Doc. No. 42.

Plaintiff also fails to allege his claim of fraud with particularity as required by the Federal Rules of Civil Procedure. Fed. R. Civ. P. 9(b) ("In alleging fraud or mistake, a party must state with particularity the circumstances constituting fraud or mistake.").

[16] The Court need not reach defendants' argument for dismissal based on res judicata.

legitimate rights of litigants." For instance, in *Farguson*, the Fifth Circuit affirmed an injunction that was "specific and limited" to the extent that it related solely to "the same claims against the same defendants." *Id.* The Fifth Circuit noted, however, that "a broader injunction, prohibiting any filings in any federal court without leave of that court" may be warranted if a litigant is engaging in a widespread practice of harassment against different people." *Id.* Furthermore, the fact that a plaintiff proceeds *pro se* does not shield him from such injunctions. *Id.* at 359. ("[O]ne acting *pro se* has no license to harass others, clog the judicial machinery with meritless litigation, and abuse already overloaded court dockets.").

As discussed above, Dantzler has filed five lawsuits in this Court[17] against the Hammond defendants and the Fritchie defendants, all arising out of his termination from the police department. Each time Danztler receives an unfavorable ruling, he files a new complaint, compelling the defendants to file responsive pleadings and expend additional resources. Danztler has forced the Hammond defendants in and out of court since 2000 when he filed his initial complaint in this Court.

Additionally, Dantzler's multiple, repetitive lawsuits have wasted this Court's time and resources. Dantzler currently has

---

[17]Dantzler also petitioned the state court for a mandamus ordering the Hammond civil service board to conduct hearings.

three lawsuits pending before this section of the Court, and he continues to file motions in each.[18] Such persistent filings are an abuse of the Court.

Accordingly, Dantzler shall be enjoined from filing any further complaints or judicial proceedings against the Hammond defendants and the Fritchie defendants which arise out of his termination from the Hammond Police Department unless the Court grants Dantzler leave to file such claims upon a finding that his pleadings are not frivolous and vexatious.[19]

## CONCLUSION

For the foregoing reasons,

**IT IS ORDERED** that defendants' motion to dismiss is **GRANTED** and that Dantzler's claims against the Hammond defendants and the Fritchie defendants are **DISMISSED WITH PREJUDICE.**

**IT IS FURTHER ORDERED** that defendant's motion for injunction is **GRANTED** and that Dantzler shall not file any additional complaints or proceedings against the Hammond defendants and Fritchie defendants without written permission from the Court.

New Orleans, Louisiana, March 31st, 2009.

_____
**LANCE M. AFRICK**
**UNITED STATES DISTRICT JUDGE**

---

[18] Two cases pending before U.S. District Judge Feldman have been transferred to this section.

[19] The Court is not convinced that the imposition of monetary sanctions will effectively prevent or limit Dantzer from filing repetitive pleadings. Danztler has moved this court to allow him to proceed in forma pauperis.