**UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA**

**OSCAR DANTZLER**                                              **CIVIL ACTION**

**VERSUS**                                                      **No. 08-3777**

**DEBBIE POPE, ET AL.**                                         **SECTION: I/3**

### ORDER AND REASONS

Before the Court is an unopposed motion to dismiss filed by defendants, Charles Armond, docket clerk for the U.S. District Court for the Eastern District of Louisiana, Jay Susslin, *pro se* desk supervisor for the U.S. District Court for the Eastern District of Louisiana, the U.S. Clerk of Court for the Eastern District of Louisiana, and the United States Fifth Circuit Court of Appeals, pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure for failure to state a claim upon which relief may be granted. For the following reasons, the motion is **GRANTED** without opposition.

In August, 2008, plaintiff, Oscar Dantzler, filed a lawsuit in this Court against the City of Hammond, its attorneys and several United States District Court and United States Court of Appeals judges, alleging that the defendants conspired to deprive plaintiff of his constitutional rights, in violation of Title VII, 42 U.S.C. §1983 and 42 U.S.C. §1985(3), by concealing his alleged illegal termination from the City of Hammond Police

Department in 1998.[1] Plaintiff amended his complaint in September, 2008, naming the above-mentioned parties as defendants.[2]

Although plaintiff references unfavorable rulings against him by the judges, he fails to allege any personal involvement of this Court's clerk of court, docket clerk or *pro se* desk supervisor. *Thompson v. Steele*, 709 F.2d 381, 382 (5th Cir. 1983)("Personal involvement is an essential element of a civil rights cause of action."); *Woods v. Edwards*, 51 F.3d 577, 583 (5th Cir. 1995)("In order to state a cause of action under section 1983, the plaintiff must identify defendants who were either personally involved in the constitutional violation or whose acts are causally connected to the constitutional violation alleged."); *Iqbal v. Hasty*, 490 F.3d 143, 153 (2d Cir. 2007); *Volk v. Coler*, 845 F.2d 1422, 1432 (7th Cir. 1988). Accordingly, plaintiff has failed to state a cause of action against the clerk of court, docket clerk or *pro se* desk supervisor with respect to his claims pursuant to 42 U.S.C. § 1983 and 42 U.S.C. § 1985(3).[3]

---

[1] Rec. Doc. No. 6.

[2] Rec. Doc. No. 9.

[3] Without allegations of the personal involvement or actions of these defendants, the Court cannot properly analyze whether the defendants are entitled to qualified immunity.
Plaintiff also fails to state a claim under Title VII because he has alleged no employment relationship with the clerk's office or the Fifth Circuit. *See Oden v. Oktibbeha County*, 246 F.3d 458, 465 (5th Cir. 2001)("Title VII allows employees to sue their employers for discriminatory employment decisions."); *Broussard v. L.H. Bossier*, 789 F.2d 1158, 1159 (5th Cir. 1986) ("Courts, logically enough, consistently hold that Title VII

As discussed in a prior order dismissing plaintiff's claims against other defendants, plaintiff's complaint also fails to sufficiently state a cause of action under the Racketeer Influence and Corrupt Organizations ("RICO") statute. In order to state a RICO claim, "a plaintiff must allege the following in his complaint: 1)the conduct; 2) of an enterprise; 3)through a pattern; 4)of racketeering activity." *Tortuga Bay Corp. v. Arnold Development Co.*, 20 F.3d 1170 (5th Cir. 1994).[4] Plaintiff fails to allege an enterprise between the clerk of court, the docket clerk and the *pro se* desk supervisor, the judges, the City of Hammond and its attorneys.[5]

Finally, plaintiff cannot maintain a claim against the United States Court of Appeals for the Fifth Circuit because the court lacks the capacity to be sued. Under Louisiana law,[6] "an

---

contemplates some employment relationship."). Indeed, plaintiff's complaint alleges that he was employed by the City of Hammond as a police officer and that the City of Hammond terminated his employment. Rec. Doc. No. 6, p. 10, paras. 33, 34.

[4]Caselaw interpreting RICO defines an enterprise as "usual legal entities or any union or group of individuals 'associated in fact' although not a legal entity." *Id*. "To establish an association, a plaintiff must show evidence of an ongoing organization, and must show that the various associates were functioning as a continuing unit." *Id.* Furthermore, an enterprise must be a separate entity from the pattern of activity in which it engages and it must have an ongoing organization with a decision-making structure. *Id.*

[5]The Court also notes that plaintiff has failed to plead any claims of fraud, alleged pursuant to Louisiana Civil Code article 1953, with particularity as required by Rule 9(b) of the Federal Rules of Civil Procedure.

[6]Rule 17(b) of the Federal Rules of Civil Procedure directs the Court to apply Louisiana law in determining procedural capacity. Fed. R. Civ. P. 17(b)("Capacity to sue or be sued is determined...for all other parties, by the law of the state where the court is located.").

3

entity must qualify as a juridical person to have the capacity to be sued." *Dejoie v. Medley*, 945 So. 2d 968, 972 (La. Ct. App. 2d 2006). The Louisiana Civil Code defines a juridical person as "an entity to which the law attributes personality, such as a corporation or a partnership." La. Civ. Code art. 24. The Louisiana Supreme Court has held that juridical status or legal capacity depends on whether "the organic law grants it the legal capacity to function independently and not just as the agency or division of another governmental entity." *Roberts v. Sewerage & Water Bd. Of New Orleans*, 634 So. 2d 341, 346-47 (La. 1994). Therefore, in the absence of law providing that an entity may sue or be sued, the entity lacks such capacity. *City Council of Lafayette v. Bowen*, 649 So.2d 611, 615 (La. Ct. App. 3d Cir. 1994); *Green v. District Attorney Office*, No. 08-3685, 2009 WL 651132 (E.D. La. Mar. 10, 2009)(finding that the Orleans Parish Criminal District Court lacks the capacity to sue or be sued based on an absence of statutory or constitutional authority conferring such capacity).

Article III of the United States Constitution creates the U.S. Supreme Court and grants Congress the authority to establish "inferior courts." Pursuant to this authority, Congress established by statute thirteen judicial circuits, including the Fifth Circuit, and created a U.S. Court of Appeals in each circuit. 28 U.S.C. §§ 41. 43. Neither Article III nor the

statutes creating the Fifth Circuit addresses the Fifth Circuit's capacity to sue or be sued. There being no legal authority to support an argument that the Fifth Circuit is a juridical entity, that court lacks the capacity to be sued.

For the foregoing reasons,

**IT IS ORDERED** that defendants' motion to dismiss is **GRANTED**[7] and plaintiff's claims against Charles Armond, Jay Susslin, the U.S. Clerk of Court for the Eastern District of Louisiana, and the United States Fifth Circuit Court of Appeals are **DISMISSED WITH PREJUDICE.**

New Orleans, Louisiana, April 1st, 2009.

LANCE M. AFRICK
**UNITED STATES DISTRICT JUDGE**

---

[7] The Court notes that U.S. Magistrate Judge Sally Shushan denied plaintiff's third motion to supplement and amend his complaint, noting a "repeated failure to cure deficiencies by amendments previously allowed." Rec. Doc. No. 52, p. 3.