**UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA**

**OSCAR DANTZLER**                                              **CIVIL ACTION**

**VERSUS**                                                      **No. 08-3777**

**DEBBIE POPE, ET AL.**                                         **SECTION: I/3**

## ORDER AND REASONS

Before the Court is an unopposed motion for summary judgment filed by defendants, Clarence Roby Jr. and Clarence Roby, Jr., a Professional Law Corporation (collectively "Roby"). Roby also moves for an order enjoining plaintiff from filing any further claims against Roby without first showing that the proposed pleadings are well founded and do not contain frivolous or vexatious claims. For the following reasons, the motions are **GRANTED** without opposition.

## BACKGROUND

In February, 2000, plaintiff, Oscar Dantzler, filed a complaint in this Court against the City of Hammond and the Hammond Police Department, alleging that he was unlawfully terminated from the police department because of his race. The City of Hammond filed a motion for summary judgment on March 6, 2001.[1] At a March 21, 2001 hearing on the motion for summary judgment, the Court granted Roby's oral motion to withdraw as Dantzler's counsel of record based on a prior discharge by

---

[1]Civil Action No. 00-446, Rec. Doc. No. 27.

1

Dantzler.[2] In November, 2001, U.S. Magistrate Judge Joseph C. Wilkinson, Jr. granted the summary judgment motion and dismissed Dantzler's claim, finding that Dantzler failed to establish a prima facie case of disparate treatment.[3]

On August 27, 2008, Dantzler filed a complaint in this Court, alleging that Roby conspired with the City of Hammond, its attorneys, a United States District Court judge, a United States Magistrate Judge, and three United States Court of Appeals judges to deprive him of his constitutional rights and "to detriment plaintiff's claims" in the February, 2000 lawsuit against the City of Hammond for discrimination in connection with plaintiff's termination.[4]

Roby filed a motion for summary judgment, arguing that a final judgment in a previous state court lawsuit bars Dantzler's claims pursuant to principles of *res judicata*. Roby also seeks an order enjoining Dantzler from filing any further lawsuits or pleadings against him or his law firm. Despite extensions of time granted by this Court, Dantzler has not filed an opposition.

## LAW AND ANALYSIS

### I. STANDARD OF LAW

---

[2]Civil Action No. 00-446, Rec. Doc. No. 31.

[3]Civil Action No. 00-446, Rec. Doc. No. 44, p. 8.

[4]Civil Action No. 00-446, Rec. Doc. No. 4, para. 11. Dantzler amended his complaint to name as defendants the Clerk of Court, a docket clerk, a *pro se* desk supervisor, and the United States Court of Appeals for the Fifth Circuit.

2

Summary judgment is proper when, after reviewing "the pleadings, the discovery and disclosure materials on file, and any affidavits," the court determines there is no genuine issue of material fact. Fed. R. Civ. P. 56(c). The party seeking summary judgment always bears the initial responsibility of informing the court of the basis for its motion and identifying those portions of the record that it believes demonstrate the absence of a genuine issue of material fact. *Celotex Corp. v. Catrett*, 477 U.S. 317, 323, 106 S. Ct. 2548, 2553, 91 L. Ed. 2d 266, 274 (1986). The party seeking summary judgment need not produce evidence negating the existence of material fact, but need only point out the absence of evidence supporting the other party's case. *Celotex*, 477 U.S. at 323, 106 S. Ct. at 2553, 91 L. Ed. 2d at 274; *Fontenot v. Upjohn Co.*, 780 F.2d 1190, 1195 (5th Cir. 1986). Once the party seeking summary judgment carries its burden pursuant to Rule 56(c), the other party must come forward with specific facts showing that there is a genuine issue of material fact for trial. *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587, 106 S. Ct. 1348, 1356, 89 L. Ed. 2d 538, 552 (1986).

## II. **DISCUSSION**

### A. **Res Judicata**

With respect to res judicata, Louisiana law[5] provides:

---

[5]The United States Supreme Court has held that "a federal court must give to a state-court judgment the same preclusive effect as would be given that judgment under the law of the State in which the judgment was rendered."

3

> Except as otherwise provided by law, a valid and final judgment is conclusive between the same parties, except on appeal or other direct review, to the following extent...(2)If the judgment is in favor of the defendant, all causes of action existing at the time of final judgment arising out of the transaction or occurrence that is the subject matter of the litigation are extinguished and the judgment bars a subsequent action on those causes of action.

La. Rev. Stat. Ann. §13:4231. Pursuant to that statute, a subsequent lawsuit is precluded when (1) the judgment of the first action is valid, (2) the judgment of the first action is final, (3) the parties are the same, (4) the cause of action asserted in the second action existed at the time of final judgment in the first action, and (5) the cause of action asserted in the second action arose out of the transaction or occurrence that was the subject matter of the first action. *Burguieres v. Pollingue*, 843 So. 2d 1049, 1053 (La. 2003). The Louisiana Supreme Court has held that "the chief inquiry is whether the second action asserts a cause of action which arises out of the transaction or occurrence that was the subject matter of the first action." *Id*.

Roby contends that Dantzler's complaint in this Court raises the same issues that were dismissed more than three years ago by Orleans Parish Civil District Court and affirmed by Louisiana's Fourth Circuit Court of Appeals.

On August 27, 2004, Dantzler filed a petition in Orleans

---

*Migra v. Warren City Sch. Dist. Bd. of Educ.*, 465 U.S. 75, 81, 104 S. Ct. 892, 79 L. Ed. 2d 56 (1984).

4

Parish Civil District Court against Clarence Roby, Jr., Clinton W. Smith, Jr. and Roby & Smith, a Professional Law Corporation, alleging Roby's misconduct in the prior proceedings before this Court.[6] In particular, Dantzler alleged that Roby signed a consent form to proceed before the U.S. Magistrate Judge without Dantzler's knowledge, that Roby "had personal knowledge that the City of Hammond Police Department was under a Federal Court Order in reference to Discrimination and by dismissing a Civil Service employee without given [sic] him/her a Civil Service Hearing when requested," that Roby engaged in fraud, misrepresentation and deceit, that Roby refused to take depositions and request discovery from defendants, that Roby refused to turn over Dantzler's entire file after his discharge, that Roby "withheld E.E.O.C. charges" and that Roby withheld "Retaliation Claims from E.E.O.C."[7]

The Orleans Parish Civil District Court dismissed Dantzler's claim in November, 2004, finding that it had prescribed. The court explained that the peremptive period for a lawsuit against an attorney is three years and more than three years had passed when Dantzler filed his petition.[8] The Fourth Circuit Court of Appeals affirmed the district court's judgment. The appellate court noted that although a plaintiff has more than three years to file a

---

[6]Rec. Doc. No. 63-6.

[7]*Id.*

[8]Rec. Doc. No. 63-7.

lawsuit when alleging the fraudulent conduct of an attorney, Dantzler failed to plead his claim of fraud with specificity.[9]

Danztler's complaint in the instant matter also alleges Roby's misconduct in the prior federal court proceedings, specifically that Roby withheld a federal court order with respect to the denial of a civil service hearing in another case, that Roby consented to proceed before the U.S. Magistrate Judge without Dantzler's approval, that Roby withheld fraudulent documents from this Court and the EEOC, that Roby made false statements to the EEOC, that Roby refused to take depositions of the defendants, and that Roby did not turn over Dantzler's entire file to him.[10]

Dantzler's complaint in the instant matter alleges a cause of action arising out of the same transaction or occurrence that was the subject matter of Dantzler's first lawsuit in state court, i.e., Roby's alleged misconduct in the prior court proceedings before this Court. As such, his cause of action existed at the time that he filed his state court petition. In fact, some of Dantzler's allegations are nearly identical to those in his state court petition. The fact that Dantzler re-characterized his claims to allege a conspiracy does not change the fact that his claims arose out of the same transaction or occurrence that was the subject matter of his state court petition. Danztler cannot avoid the

---

[9]Rec. Doc. No. 63-8.

[10]Rec. Doc. No. 4.

effect of *res judicata* merely by adding the phrase "because of his conspiracy with his conspirators" to his allegations.[11]

By dismissing Dantzler's claims for prescription, the state court entered a valid, final judgment with respect to these claims and, accordingly, such claims cannot be re-litigated in this Court. *See Sours v. Kneipp*, 923 So. 2d 981, 984 (La. Ct. App. 2d Cir. 2008) ("[A] judgment sustaining an exception of prescription is not a mere interlocutory judgment deciding preliminary matters, but a final judgment on the merits that terminates the action with prejudice."). Therefore, Dantzler's claims against Roby are **DISMISSED WITH PREJUDICE.**

### B. Injunction

Roby also moves for an order enjoining Dantzler from filing any further lawsuits or pleadings against him or his law firm without first demonstrating that the proposed pleadings are not frivolous or vexatious.

As discussed in a prior order by this Court,[12] Dantzler continues to file repetitive lawsuits in this Court, wasting the Court's time and resources. Dantzler currently has three lawsuits pending before this Court, all arising out of his employment termination and subsequent litigation. Such persistent filings are an abuse of the Court. Accordingly, pursuant to the Court's "power

---

[11]*Id.*

[12]Rec. Doc. No. 82, pp. 12-14.

7

to enjoin plaintiffs who abuse the court system and harass their opponents," Dantzler shall be enjoined from filing any further complaints or judicial proceedings in this Court against Roby which arise out of Roby's alleged misconduct with respect to Dantzler's prior employment discrimination litigation. *Clark v. Mortenson*, 93 F. App'x 643, 654 (5th Cir. 2004). Dantzler may only file further pleadings against Roby and his law firm with the written permission of this Court.

## CONCLUSION

For the foregoing reasons,

**IT IS ORDERED** that defendants' motion to dismiss is **GRANTED** and that Dantzler's claims against Clarence Roby Jr. and Clarence Roby, Jr., a Professional Law Corporation, are **DISMISSED WITH PREJUDICE.**

**IT IS FURTHER ORDERED** that defendants' motion for injunction is **GRANTED** and that Dantzler shall not file any additional complaints or proceedings against Clarence Roby Jr. and Clarence Roby, Jr., a Professional Law Corporation, without written permission from the Court.

**IT IS FURTHER ORDERED** that defendants' request for attorney's fees and costs is **DENIED.**

New Orleans, Louisiana, April 2nd, 2009

_____
**LANCE M. AFRICK**
**UNITED STATES DISTRICT JUDGE**